**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**BRENT CLIFTON BARNARD,**
                              **PETITIONER,**

**V.**                                                                 **Case No.  A-23-CV-582-DII**

**BURNET COUNTY SHERIFF'S OFFICE,**
                              **RESPONDENT.**

_____

## <u>ORDER</u>

Before the Court is Petitioner Brent Clifton Barnard's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1).  The Court granted Petitioner leave to proceed in forma pauperis.  After consideration of his petition, the Court dismisses it without prejudice.

Petitioner alleges he was arrested in Burnet County. He claims he was falsely arrested because:  (1) no warrant was produced upon request; (2) the officer gave an unknown name and false facts for appearing on the property; and (3) officers never identified the person for whom they were looking.  Petitioner claims his son was paroled to Petitioner's address.  Petitioner requests the Court to "award a ruling of violations" and "award financial damages for violations."[1]

Public records show Petitioner was indicted on May 2, 2023, for Hinder Apprehension or Prosecution of a Known Felon in Cause No. 55292 in Burnet County, Texas.  Because Petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241.  To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484

---

[1] Petitioner's request for damages is improper in a petition for writ of habeas corpus.  The Court does not sever this request, because simultaneously with the filing of his petition Petitioner filed a civil-rights complaint seeking damages in Cause No. A-23-CV-590-DII.

(1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Petitioner's counsel filed a petition to reduce his bond in the trial court prior to his indictment. However, there is no record that Petitioner filed a petition for writ of habeas corpus raising the same claims that he raises in his federal petition. In addition, no petition has been presented to the Texas Court of Criminal Appeals.

Based on the litigation history described above, Petitioner plainly has not exhausted his state court remedies. He also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, the claims raised in his habeas corpus petition are unexhausted and may not go forward here.

Moreover, his claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See*

*Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91.  In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners."  *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges."  *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).  All prerequisites for abstention under *Younger* are met in the instant case.

It is therefore **ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Brent Clifton Barnard is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on May 25, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE